# EXHIBIT   C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLERGAN, INC., and ALLERGAN SALES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 04-968 (GMS) |
| ALCON INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

1.      Allergan, Inc. and Allergan Sales, LLC (collectively, "Allergan") filed the above-captioned

action against Alcon Inc., Alcon Laboratories, Inc., and Alcon Research, Ltd. (collectively, "Alcon")

on August 24, 2004.   Allergan filed this suit for patent infringement pursuant to 35 U.S.C. §

271(e)(2).[1] The complaint alleges that Alcon infringes U.S. Patent No. 6,673,337 (the "'337 patent")

and U.S. Patent No. 6,641,834 (the "'834 patent") because it submitted a § 505(b)(2) application,

or paper New Drug Application ("paper NDA"), to the Food and Drug Administration ("FDA"),

------------------------

[1] Section 271(e)(2) states, in pertinent part:

> [i]t shall be an act of infringement to submit – an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act or described in section 505(b)(2) of such Act for a drug claimed in a patent or the use of which is claimed in a patent if the purpose of such submission is to obtain approval under such Act to engage in the commercial manufacture, use, or sale of a drug or veterinary biological product claimed in a patent or the use of which is claimed in a patent before the expiration of such patent.

35 U.S.C. § 271(e)(2)(A).

seeking approval of its proposed generic brimonidine tartrate ophthalmic drug product.[2] (Compl.

¶¶ 14-15, 17.) The complaint further alleges that Alcon acted without a reasonable basis for

believing that it would not be liable for infringement of the '337 and '834 patents and, as such, its

infringement of the '337 and '834 patents is willful. (*Id.* ¶¶ 19, 23.) Allergan requests injunctive

relief and attorney's fees, pursuant to 35 U.S.C. § 285.[3] The issue presently before the court is

whether Allergan may assert a claim for willful infringement.

2.      Allergan contends that a willfulness claim is proper based on the totality of the

circumstances. Allergan further contends that the totality of the circumstances comprises many

factors, including whether Alcon intentionally copied ALPHAGAN® P, whether Alcon exercised

due care to avoid infringing Allergan's patents, whether Alcon relied on competent legal advice, and

Alcon's behavior as a party to the litigation. (D.I. 64, at 2.) According to Allergan, its claim of

willfulness is based the following: (1) Alcon's Paragraph IV certification was filed without

reasonable basis; and (2) Alcon's conduct in the litigation demonstrates its lack of reasonable basis.

(*Id.* at 3). Lastly, Allergan contends that the Federal Circuit's holding in *Glaxo Group Ltd. v.*

*Apotex, Inc.*, 376 F.3d 1339 (Fed. Cir. 2004) does not foreclose a claim for willful infringement in

Abbreviated New Drug Application ("ANDA") or paper NDA cases. (*Id.*)

---

[2] Alcon also filed a certification with the FDA under 21 C.F.R. § 314.50(i)(1)(i)(A)(4), or
Paragraph IV Certification, alleging that the '337 and '834 patents are invalid and/or not
infringed by its product.

[3] Section 285 provides: "[t]he court in exceptional cases may award reasonable attorney
fees to the prevailing party." The Federal Circuit has recognized willful infringement as a type
of misconduct that creates an exceptional case. *See Hoffmann-La Roche Inc. v. Invamed Inc.*,
213 F.3d 1359, 1365 (Fed. Cir. 2000) (citing *Beckman Instruments, Inc. v. LKB Produkter AB*,
894 F.2d 1547, 1151 (Fed. Cir. 1989)).

3.      Alcon asserts that the only act of infringement alleged in the complaint is the filing of its

paper NDA with the FDA.  According to Alcon, in light of the Federal Circuit's holding in *Glaxo*,

"Allergan's conclusory allegation – standing alone – cannot support a charge of willful

infringement."  (D.I. 75, at 2.)

4.      The Federal Circuit first addressed the issue of willfulness in ANDA and paper NDA cases

 in *Yamanouchi Pharm. Co., Ltd. v Danbury Pharmacal, Inc.*, 231 F.3d 1339 (Fed. Cir 2000).  In

*Yamanouchi*, the court found that "[a]n ANDA [or paper NDA] filing by its very nature is a 'highly

artificial act of infringement,' therefore, the trial court need not have elevated the ANDA

certification into a finding of willful infringement."  231 F.3d at 1347.  Nonetheless, the court held

that the case was exceptional and awarded attorney fees to the plaintiff, based on the defendant's

"misconduct in filing a wholly unjustified ANDA certification and misconduct during the litigation

that followed. . . ."  *Id.*

5.      The Federal Circuit addressed the issue again in *Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d

1339 (Fed. Cir. 2004), holding that "the mere fact that a company has filed an ANDA application

or certification cannot support a finding of willful infringement for purposes of awarding attorney's

fees pursuant to 35 U.S.C. § 271(e)(4)."  376 F.3d at 1350-51.  In the *Glaxo* opinion, the court

explained that in *Yamanouchi* it "determined that a baseless and 'wholly unjustified' paragraph IV

certification in an ANDA filing, when combined with litigation misconduct, warranted an

exceptional case finding."  *Id.* at 1350.  According to the court, "in *Yamanouchi* we did not agree

that the generic company had engaged in willful infringement, but rather determined that an award

of attorney's fees was permitted because the generic had filed numerous baseless filings supporting

its fruitless and meritless arguments, both in its case at trial and in its ANDA certification."  *Id.*

3

6.    In the present case, Allergan has not pointed to anything which would support a finding of willful infringement.  The only act of infringement alleged in Allergan's complaint is Alcon's allegedly baseless paper NDA filing and Paragraph IV Certification with the FDA.  Because a paper NDA filing cannot be considered willful, Allergan's complaint does not state any basis under which it could assert a claim for willful infringement.  Allergan, however, maintains that Alcon's change in position with respect to its written description defense set forth in its summary judgment motion, combined with the paper NDA filing, permits a claim for willful infringement.  The court disagrees. As the Federal Circuit explained in *Glaxo*, a finding that a ANDA/paper NDA case is "exceptional" can be based on meritless filings combined with litigation misconduct, but a finding of willful infringement cannot.  Accordingly, the court will not permit a claim for willful infringement in this case.  That being said, the court will not foreclose Allergan from, at the appropriate time, seeking to prove additional facts that would support its claim of an exceptional case for which the court should award attorney's fees. *See Aventis Pharma Deutschland GmbH v. Cobalt Pharms., Inc.*, 355 F. Supp. 2d 586, 592-93 (D. Mass. 2005).

Therefore, IT IS HEREBY ORDERED that:

1.    A claim for willful infringement is not permitted in this case.

2.    Allergan's claim for willful infringement shall be stricken from the complaint.

Dated: July 26 , 2005                        /s/ Gregory M. Sleet
                                             UNITED STATES DISTRICT JUDGE

4

# EXHIBIT   D

1

```
 1              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
 2            CIVIL ACTION NO. 3:04-1689 (MLC)

 3

 4   ORTHO-McNEIL PHARMACEUTICAL, INC.,      ORAL ARGUMENT

 5       Plaintiff and
         Counterclaim Defendant,
 6
         vs.
 7
     MYLAN LABORATORIES, INC. and
 8   MYLAN PHARMACEUTICALS, INC.,

 9       Defendant and
         Counterclaim Plaintiffs
10   ───────────────────────────

11                 April 18, 2005
                  Trenton, New Jersey
12

13

14   B E F O R E:  HONORABLE STANLEY R. CHESLER, USDJ

15

16
       Pursuant to Section 753 Title 28 United States Code, the
17   following transcript is certified to be an accurate record
       as taken stenographically in the above-entitled proceedings.
18

19   JACQUELINE KASHMER
     Official Court Reporter
20

21

22
                  JACQUELINE KASHMER, C.S.R.
23                OFFICIAL COURT REPORTER
                       P. O. Box 12
24                 Pittstown, NJ 08867
                     (609) 656-2595
25
```

2

```
 1
      A P P E A R A N C E S:
 2

 3       JENNER & BLOCK
         One IBM Plaza - Suite 4000
 4       Chicago, IL 60611
         BY: HARRY J. ROPER, ESQ.,
 5          AARON A. BARLOW, ESQ.,
         ERIC L. LOHRENZ, ESQ.,
 6       For the Plaintiffs

 7

 8       LOWENSTEIN SANDLER
         65 Livingston Avenue
 9       Roseland, NJ 07068
         BY: JOHN MIDDLETON, ESQ.,
10       For the Plaintiffs

11

12       HELLER EHRMAN WHITE & MCAULIFFE, LLP
         One East Main Street - Suite 201
13       Madison, WI 53703
         BY: DAVID J. HARTH, ESQ.,
14
                and
15
         HELLER EHRMAN WHITE & MCAULIFFE, LLP
16       1666 K Street, NW - Suite 300
         Washington, D.C. 20006
17       BY: SHANNON BLOODWORTH, ESQ.,
         For the Defendants
18

19
         SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC
20       One Gateway Center - 13th Floor
         Newark, NJ 07102-5311
21       BY: ARNOLD B. CALMANN, ESQ.,
            JEFFREY SOOS, ESQ.,
22       For the Defendants

23

24

25
```

3

1     THE COURT: Ortho-McNeil Pharmaceutical vs. Mylan.

2    Can I have appearances by counsel please.

3     MR. ROPER: For Ortho-McNeil, Harry Roper, Aaron

4    Barlow and Eric Lohrenz.

5     MR. MIDDLETON: And also John Middleton from

6    Lowenstein Sandler, your Honor.

7     THE COURT: Good morning.

8     MR. CALMANN: Arnold Calmann, Saiber, Schlesinger,

9    Satz & Goldstein, for the defendants, Mylan, and with, me

10   your Honor, are my co-counsel David Harth and Shannon

11   Bloodworth from the Heller Ehrman firm.

12    THE COURT: Good morning to you. We will first

13   take the motion to dismiss the willful infringement claim

14   I'll hear from counsel for movant.

15    MR. HARTH: Thank you, your Honor. The motion

16   simply asks the Court to apply recent binding-Federal

17   Circuit precedent that the filing of an ANDA application or

18   certification cannot support a finding of willful

19   infringement.

20    The Federal Circuit in the Glaxo case held that

21   wilfulness cannot provide the basis for the filing of an

22   ANDA certification, cannot provide the basis for a

23   wilfulness claim.

24    The plaintiffs here have contended that Glaxo does

25   not apply because in that case the defendant had not filed a

4

1   Paragraph 4 certification, which is what happened here, but

2   the Federal Circuit crafted its holding in Glaxo

3   specifically to cover Paragraph 4 certifications.

4        In that case the Federal Circuit held, quote, "The

5   mere fact that a company has filed an ANDA application or

6   certification cannot support a finding of willful

7   infringement for the purpose of awarding attorney's fees

8   pursuant to 35 U.S.C. Section 271", and the Federal Circuit

9   did so on the basis of the Yamanouchi case, which was a

10  Paragraph 4 certification.

11       Since the Federal Circuit's decision in Glaxo, the

12  precise issue that's presented here was decided by the

13  District of Massachusetts in Aventis vs. King

14  Pharmaceuticals, and prior to the last hearing we had sent

15  Judge Cooper a letter with that case.  Is that in the

16  Court's file?

17       THE COURT:  I do have the Aventis vs. Cobalt

18  Pharmacy.

19       MR. HARTH:  Well, Aventis rejected the very

20  argument that Ortho-McNeil is making here holding that the

21  words "or certification" in the Federal Circuit's Glaxo

22  decision was not mere surplusage, that it did cover

23  Paragraph 4 certification cases, and for that reason there

24  could be no willfulness claim in a Paragraph 4 certification

25  case, either.

5

1       We think that the District of Massachusetts got it

2   right. We think that the Federal Circuit's language is

3   unambiguous in that regard and for that reason, the

4   willfulness claim should be dismissed.

5       THE COURT: Let me hear from counsel for the

6   plaintiffs.

7       MR. ROPER: Harry Roper for the plaintiffs, your

8   Honor. I think that our position on this Glaxo case is not

9   controlling. This has not been definitively ruled upon by

10   the Federal Circuit because in Glaxo there was no Paragraph

11   4 certification.

12       Here our whole contention is that the Paragraph 4

13   certification is so baseless and the lawsuit is so baseless

14   that the infringement which is virtually admitted is

15   willful.

16       The Massachusetts case that they cite, of course,

17   is not precedential because the Federal Circuit hasn't ruled

18   on it. So, that being said, your Honor, this is a bench

19   trial. I think this law may develop further in the Federal

20   Circuit and my suggestion is that your Honor defer this

21   entire thing and we see how that law develops.

22       Basically, our contention here is that in light of

23   this case, we are entitled to attorney's fees one way or the

24   other in this case and either it's willful infringement or

25   it's under the statute and we are entitled to them. And we

6

1  are entitled to discovery.  Whether that discovery gets

2  bifurcated or not is not important.  But I think

3  fundamentally we don't see any reason why there can't be a

4  willful infringement case in ANDA litigation.

5        THE COURT:  So, your argument is that the Fed

6  Circuit's opinion in Glaxo vs. Apotex, where they say,

7  quote, "Consequently, as suggested by Yamanouchi, we now

8  hold that the mere fact that a company has filed an ANDA

9  application or certification cannot support a finding of

10  willful infringement for purposes of awarding attorney's

11  fees pursuant to 35 U.S.C. Section 271(e)(4).  The Supreme

12  Court has emphasized that 35 U.S.C. Section 271(e)(2) and 35

13  U.S.C. Section 271(e)(4) create a 'artificial act of

14  infringement' only for a 'very limited and technical

15  purpose' that relates only to certain drug applications."

16        MR. ROPER:  Two reasons.

17        THE COURT:  Why would a poor soul like me working .

18  in the trenches conclude that the Federal Circuit didn't

19  mean what they said there?

20        MR. ROPER:  They did mean what they said there.

21        THE COURT:  Okay.

22        MR. ROPER:  And they say the mere fact that you

23  filed ANDA, that's different than filing a baseless ANDA,

24  number one, and it's certainly different than filing a

25  baseless Paragraph 4 certification, which they didn't even

7

1    deal with in that case, so, our facts are different than

2    Glaxo for those two reasons, your Honor.

3        THE COURT: Okay. I must tell you that as

4    interesting as I find your argument, I find that it goes

5    fundamentally against the underlying rationale of the Fed

6    Circuit's decision in the Glaxo case.

7        Their emphasis was on the fact that this whole

8    Hatch-Waxman process exists for a very limited purpose of

9    creating a technical infringement so that a case or

10   controversy under the Constitution can exist whereby United

11   States district courts and other folk who decide these cases

12   can actually decide whether or not the proposed generic

13   drug, if manufactured, would infringe. And as I read the

14   Glaxo case, it's saying where the whole reason that we, in

15   fact, permit a case to go forward as an infringement case

16   because of this technical infringement is to permit the

17   matter to be decided before the drug gets on the market;

18   that the mere filing of that ANDA application or

19   certification can't constitute a willful infringement.

20       What the court in Glaxo makes clear, as I

21   understand, is that doesn't mean that the plaintiff can't

22   apply for attorney's fees but they're not applying for

23   attorney's fees on the basis of a willful infringement.

24   They're applying for attorney's fees on the basis of it

25   being, I believe it would be an extraordinary case. Is that

8

1  correct?

2      MR. ROPER:  Yes, your Honor, that's correct.

3      THE COURT:  And as I understand it, in Glaxo they

4  said, go ahead, go for it under that standard but not under

5  a willful infringement standard.  Correct?

6      MR. ROPER:  Yes, your Honor.  Except that they

7  didn't deal, as I said, with the specific facts that we have

8  here.

9      THE COURT:  Go ahead.  I'm sorry.

10      MR. ROPER:  And your Honor, and indeed, as I said,

11  that our only position here is to preserve our right to seek

12  those attorney's fees one way or the other and, to be quite

13  frank, your Honor, if your Honor would permit, we would

14  withdraw the actual willfulness claim as long as we're

15  permitted to continue to seek discovery and continue to

16  pursue the claim under the statute.

17      THE COURT:  Well, there's no doubt that you can

18  seek to pursue attorney's fees under an extraordinary case

19  standard, I must tell you, all right, but -- and I

20  understand exactly where you're going, all right, and the

21  short answer is no.  Okay.

22      I will tell you, if the issue is can we engage in

23  all sorts of discovery for a willful infringement standard

24  because -- let me put it this way -- because if willful

25  infringement stays in the case, then they're going to assert

9

1   a defense of reasonable reliance of advice of counsel and

2   then we can say we get the right to take a look at all your

3   opinion letters and so on and so forth because there's a

4   reliance on advice of counsel defense. Correct?

5       MR. ROPER: Your Honor, can I make a comment on

6   that specifically?

7       THE COURT: Yes.

8       MR. ROPER: It's a good point. Your Honor, there

9   is a dispute right now, a discovery dispute with regard to

10  whether we are entitled to get their counsel's opinion for

11  this reason; that during testimony there was a lot of -- I

12  don't want to argue the motion to get the opinion --

13      THE COURT: That's good because the magistrate

14  judge is going to be hearing that particular application.

15      MR. ROPER: And we are going to present -- and we

16  will present that to her. It's been discussed by the

17  parties but we are going to be presenting it to her and

18  that's for that. So, and we are satisfied to live with that

19  ruling.

20      I'm not seeking anything other than that. We would

21  be happy to live with that ruling without regard to

22  willfulness, simply with regard to waiver.

23      THE COURT: Okay. First, I'm satisfied that

24  Glaxo's language is not mere surplusage and to the extent

25  that the Glaxo opinion contains the word "or certification"

10

1   is dicta. The Court will regard it as dicta which gives a

2   very clear and forceful direction to the district court as

3   to how the Federal Circuit views this particular claim.

4          The Court is satisfied that the Glaxo opinion of

5   the Fed Circuit, indeed, as interpreted by U.S. District

6   Court for the District of Massachusetts in Aventis Pharma

7   Deutschland GMBH and King Pharmaceuticals vs. Cobalt

8   Pharmaceuticals reported at 2005 Westlaw 289835, in fact,

9   correctly interprets Glaxo and the willful infringement

10  claim is dismissed. Okay.

11         And by the way, what I was saying is that I

12  sometimes sit and for some reason I'm amazed at what is

13  almost a prurient interest which patent counsel have in

14  looking at the opinions of each other and while I understand

15  the curiosity, the Court nevertheless does not have to

16  encourage it. Okay.

17         MR. ROPER: Thank you, your Honor.

18         THE COURT: Now, we've got a motion for summary

19  judgment. Correct?

20         MR. HARTH: We do, your Honor.

21         THE COURT: All right. And in the first instance

22  that hinges on a Markman interpretation. Correct?

23         MR. HARTH: Yes, your Honor.

24         THE COURT: Okay. Let me hear you.

25         MR. HARTH: This basically is the Markman part of

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ─────────────────────── | : | Hon. Stanley R. Chesler |
| ORTHO-McNEIL PHARMACEUTICAL, INC., | | Civil Action No. 04-1689 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | **ORDER** |
| MYLAN LABORATORIES, INC., et al., | | |
| | : | |
| Defendants. | : | |
| ─────────────────────── | | |

**CHESLER, U.S. District Court Judge**

**THIS MATTER** comes before the Court upon Defendants' Motion for Judgment on the Pleadings Dismissing Plaintiff's Claim of Willfulness (docket item #16), and Defendants' Motion for Summary Judgment of Non-Infringment (docket item #22). The Court having considered the papers submitted by the parties, having heard oral argument, and for the reasons set forth in the record of oral argument on April 18, 2005;

**IT IS** on this 18th day of April 2005:

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Claim of Willfulness is **GRANTED**; and it is further

**ORDERED** that judgment is **RESERVED** on Defendants' Motion for Summary Judgment; and it is further

**ORDERED** that the parties are directed to contact the Court

to schedule a Markman hearing.

                        _____s/_____
                        STANLEY R. CHESLER
                        U.S. District Court Judge

## CERTIFICATE OF SERVICE

I caused a true and correct copy of the foregoing documents to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filings to the following:

> Jack B. Blumenfeld, Esquire
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

### BY FEDERAL EXPRESS

Steven C. Cherny, Esquire
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834

Kenneth G. Schuler, Esquire
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL  60606

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Mary B. Matterer (#2696)
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6960
*Attorneys for Defendant and Counterclaim Plaintiff*
*Mylan Pharmaceuticals Inc.*