Westlaw.

Slip Copy                                                                 Page 1
Slip Copy, 2005 WL 3664014 (D.N.J.)
(Cite as: 2005 WL 3664014 (D.N.J.))

Only the Westlaw citation is currently available.

NOT FOR PUBLICATION

United States District Court,
D. New Jersey.
NOVARTIS PHARMACEUTICALS
CORPORATION, Novartis Pharma AG, and
Novartis
International Pharmaceutical Ltd., Plaintiffs,
v.
TEVA PHARMACEUTICALS USA, INC.,
Defendant.
**No. Civ.A.05-CV-1887 (DM.**

Dec. 30, 2005.

James Michael Altieri, Stacy P. Rappaport, Drinker
Biddle & Reath LLP, Florham Park, NJ, for
Plaintiffs.

Michael E. Patunas, Lite Depalma Greenberg &
Rivas, LLC, Newark, NJ, for Defendant.

OPINION

CAVANAUGH, J.

*1 This matter comes before the Court upon
Defendant Teva Pharmaceuticals USA, Inc.'s (Teva)
motion to strike Plaintiffs Novartis Pharmaceuticals
Corporation, Novartis Pharma AG, and Novartis
International Pharmaceutical Ltd.'s ("collectively
Novartis") claims related to Teva's detailed statement
and request for exceptional case status. For the
reasons set forth below, Teva's motion is denied.

*BACKGROUND*
The instant case is a patent infringement action
arising under the Hatch-Waxman Act, which governs
the approval of generic drugs by the U.S. Food and
Drug Administration ("FDA"). Novartis is the owner
of United States Patent No. 5, 246, 937 ("the 937
Patent"). Complaint at ¶ 9. Pursuant to the Hatch-
Waxman Act, Teva filed an abbreviated new drug
application ("ANDA") seeking FDA approval to
commercially manufacture famciclovir tablets. *Id.* at
¶ 11. Teva's ANDA application included a
certification made pursuant to 21 U.S.C. §
355(j)(2)(A)(vii)(IV), (the "Paragraph IV
Certification") with respect to Novartis' 937 patent,
*Id.* at ¶ 13. Teva's Paragraph IV Certification stated

that the 937 patent is invalid or would not be
infringed by Teva's application. *Id.* On February 22,
2005, as required by the Hatch-Waxman Act, Teva
sent Novartis a notice letter, entitled "Detailed
Statement", explaining why Teva's proposed generic
version of Novartis' tablets will not infringe upon any
valid or enforceable claim of Novartis' patents. *Id.* at
¶ 15.

On April 8, 2005, after receipt of Teva's Notice
letter, Novartis filed a complaint against Teva for
infringement on the 937 patent on ground that the
notice letter was deficient Novartis alleges that Teva's
manufacture of famciclovir would constitute direct
infringement on one or more of the method claims of
the 937 patent. Comp. at ¶ 18. Teva filed an answer
to the Complaint on June 3, 2005, asserting
counterclaims for invalidity, non-infringement and
unenforceability of the 937 patent. Simultaneously,
Teva filed the instant motion to strike.

In its moving papers, Teva requests that this Court
strike Novartis' allegations in its Complaint that (1)
Teva failed to "provide the required detailed
statement and legal basis in its notice letter" as
required by 21 U.S.C. § 355(j)(2)(B)(ii) of the Drug
Price Competition and Patent Restoration Act of
1984 ("the Hutch-Waxman Act") (Complaint ¶ 20,
Prayer for Relief ¶ B) and (2) that this is an
"exceptional case" entitling Novartis to attorneys fees
under 35 U.S.C. § 285 of the patent statute.
(Complaint ¶ 21, Prayer for Relief ¶ F). The court
will examine each of Teva's requests as to strike in
turn.

DISCUSSION
*Detailed Statement*

Teva argues that the Federal Circuit's ruling in
*Minnesota Mining and Manuf. Co. v. Barr Labs.,
Inc.,* 289 F.3d 775, 777 (Fed.Cir.2002) ("3M") bars
Novartis from pursuing a cause of action based upon
a deficient notice letter, and that this Court is
therefore precluded from considering Novartis'
allegations of a deficient notice letter. As such, Teva
is requesting the Court strike paragraph 20 of
Novartis' Complaint and paragraph B of the prayer
for relief.

*2 In response, Novartis states that it is not asking
the court to enforce the Notice Letter statute or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                              Page 2
Slip Copy, 2005 WL 3664014 (D.N.J.)
**(Cite as: 2005 WL 3664014 (D.N.J.))**

declare the Notice Letter insufficient under the statute, causes of action prohibited under *3M.* Rather, Novartis avers that the purpose of its allegation of an incomplete or flawed Notice Letter is to support its claim of willful infringement/ litigation misconduct, appropriate under the Federal Circuit's holding in *Yamanouchi Pharmaceutical Co., Ltd. v. Danbury* *Pharmacal, Inc.,* 231 F.3d 1339, 1342 (Fed.Cir.2000). Furthermore, Novartis asserts that it has not identified any action it wishes the court to take with regard to the Notice Letter, nor any remedy it may be entitled to as a result of any lack of compliance with the notice statute.

In light of the fact that Novartis' allegations regarding the Notice Letter are in the Complaint to support Novartis' request for exceptional case status, the Court does not find it necessary strike Novartis' allegations regarding the insufficiency of the Notice Letter.

*Exceptional Case Status*

Tevat requests that the Court strike those portions of the Complaint that concern Novartis' claim for exceptional case status, on the grounds that the filing of an ANDA cannot support the finding of willful infringement for purposes of awarding attorneys fees under 35 U.S.C. § 285. Teva relies on *Glaxo Group* *Limited v. Apotex, Inc.,* **376 F.3d 1339** **(Fed.Cir.**2004), where the Federal Circuit found that the evidence presented by Glaxo, which consisted mainly of an ANDA filing, did not support a claim for willful infringement for purposes of awarding attorneys fees.

Under 35 U.S.C. § 285, "the [C]ourt in exceptional circumstances may award reasonable attorneys fees to the prevailing party." Furthermore, 35 U.S.C. § 271(e)(4) specifically states that when infringement is based on the filing of an ANDA, "a court may award attorneys fees under Section 285." In *Yamanouchi,* the Federal Circuit held that a patentee in a ANDA case can recover attorney fees for willful infringement/ litigation misconduct under the appropriate circumstances. 231 F.3d 1339, 1342. *Yamanouchi* involved a similar pattern of facts as those alleged here: the filing of an ANDA, the Paragraph IV certification, the Notice Letter, and litigation misconduct, and the Federal Circuit found exceptional case status warranted.

Novartis argues that Teva's reliance upon *Glaxo* is incorrect, and that *Yamanouchi* controls. This Court agrees. Although Teva is correct in stating that *Glaxo*

stands for the proposition that an ANDA filing, without more, does not constitute willful infringement, it is possible that Novartis may be able to show activity in addition to the ANDA filing to support the issue of wilfulness. As such, under *Yamanouchi,* Novartis is entitled to proceed with litigation under the current state of the pleadings. If after discovery the evidence is such that Novartis' claim cannot be supported, Novartis may consider voluntarily withdrawing its claim or Teva may renew its application.

**\*3** In light of the above, Teva's request to strike portions of the Complaint relating to Novartis' request for exceptional case status must be denied.

*CONCLUSION*

Based on the foregoing, Teva's motion to strike Novartis' claims related to Teva's detailed statement and request for exceptional case status is denied. An appropriate Order accompanies this Opinion.

Slip Copy, 2005 WL 3664014 (D.N.J.)

END OF DOCUMENT