IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>BARR LABORATORIES, INC., <br><br>Defendant. | C.A. No. 05-700 (KAJ) |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>MYLAN PHARMACEUTICALS INC., <br><br>Defendant. | C.A. No. 05-854 (KAJ) |

**SCHEDULING ORDER**

This _____ day of January, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on January 26, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration, and the Court finding that these matters should be consolidated at least for discovery purposes;

IT IS ORDERED THAT:

1.  **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within 10 days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee For Electronic Discovery), and is incorporated herein by reference.

2.  **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties shall be filed on or before June 16, 2006. All motions to amend or supplement the pleadings shall be filed no later than 60 days before the close of fact discovery.

3.  **Discovery.**

    a.  **Limitation on Hours for Fact Deposition Discovery.** The Plaintiffs collectively are limited to a total of 200 hours of taking testimony by deposition upon oral examination (excluding expert depositions), and the Defendants collectively are also limited to a total of 200 hours of taking testimony by deposition upon oral examination (excluding expert depositions). The parties agree in good faith to discuss extending this limit, if necessary, depending on the number of deponents testifying with the assistance of or through a translator.

    b.  **Location of Depositions.** Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court ordinarily must be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c.  **Interrogatories, Requests for Admissions, and Document Requests**. There shall be no limitation upon the permissible number of document requests or requests for admission, but Plaintiffs collectively shall propound no more than 50 interrogatories to each Defendant, and each Defendant shall propound no more than 50 interrogatories to Plaintiffs collectively.

d.  **Discovery Cut Off**. Fact discovery shall be initiated so that it will be completed by December 8, 2006, except that the parties may continue to serve requests for admission such that they will be responded to no later than February 23, 2007. Expert discovery shall be completed by March 23, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

e.  **Disclosure of Expert Testimony**. Unless otherwise agreed, the parties shall serve their Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on all issues for which a party bears the burden of proof on or before January 12, 2007. The opposing party shall serve its disclosures to contradict or rebut evidence in the same subject matter on or before February 9, 2007, and the party bearing the burden of proof on an issue may serve its supplemental disclosures to reply on the same subject matter on or before March 2, 2007. To the extent any objection to expert testimony is made pursuant to principles announced in *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993), such objection shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

f.  **Discovery Disputes**. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers at (302) 573-

6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this Paragraph.

    4.    **Application to the Court for Protective Order**. Should counsel find that it will be necessary to apply to the Court for a protective order specifying the terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of Order, counsel must first follow the procedures of Paragraph 3.f. above.

The parties' proposed protective order should include the following required paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. **Papers Filed Under Seal**. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

7. **Interim Status Reports**. On September 11, 2006, counsel for all parties shall jointly submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. **Status Conference**. On September 18, 2006, the Court will hold a conference under Federal Rule of Civil Procedure 16(a), (b) and (c) by telephone with counsel beginning at 4:30 p.m. Plaintiffs' counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report provided for under Paragraph 7 above or to this Order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9. **Tutorial Describing the Technology and Matters in Issue**. The parties shall provide the Court with a tutorial on the technology at issue in person on June 26, 2006 at 10:00 a.m. The tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. Arrangements shall be made by the parties to videotape the in person tutorial. If the parties agree that in person presentation of a tutorial is not necessary, they may so notify the Court prior to the time of the scheduled hearing, and the hearing will be taken off the Court's calendar.

If, in the alternative, the parties choose to file videotaped tutorials, they should be provided to the Court by June 26, 2006. Each party may submit a videotape of not more than 30 minutes. The tutorials should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than five pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten days of submission of the videotapes.

10. **Case Dispositive Motions**. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before April 16, 2007. Answering briefs will be served and filed on or before May 14, 2007. Reply briefs will be due on or before May 29, 2007.

11. **Claim Construction Issue Identification and Joint Claim Construction Charts**. If this Court does not find that a limited earlier claim construction would be helpful in resolving the case, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction not later than 6 weeks before the close of fact discovery. The parties shall exchange a list of their proposed claim construction of those term(s)/phrase(s) not later than 3 weeks before the close of fact discovery. These documents will not be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to Paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue, as well as those parties of the intrinsic record relied upon, are to be submitted

with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. **Claim Construction Briefs**. The parties' Joint Claim Construction Chart shall be submitted to the Court no later than April 16, 2007. Plaintiffs and Defendants shall simultaneously serve and file opening briefs regarding issues of claim construction on or before April 23, 2007. Responsive briefs regarding issues of claim construction will be served and filed on or before May 21, 2007.

13. **Hearing on Case Dispositive Motions/*Markman* Hearing**. Beginning at 9:30 a.m. on June 8, 2007, the Court will hear evidence and argument on summary judgment and/or claim construction.

14. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. **Pretrial Conference**. On October 9, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order, as Exhibit A, on or before September 10, 2007.

16. **Motions *In Limine***. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing such an *in limine* request, such support or opposition shall be combined in a single five page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51, the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format), which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18. **Trial**. This matter is scheduled for a ten day bench trial beginning at 9:30 a.m. on November 5, 2007. For the purposes of completing pretrial preparation, counsel should plan on each side being allotted a total of 22 hours to present their case.

_____
United States District Judge

502034