# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

MARYELLEN NOREIKA
302 351 9278
302 425 3011 FAX
mnoreika@mnat.com

August 25, 2008

BY ELECTRONIC FILING

The Honorable Joseph J. Farnan
United States District Court
844 King Street
Wilmington, DE 19801

> Re:   *Boehringer Ingelheim v. Mylan; C.A. No. 05-854 (JJF)*

Dear Judge Farnan:

We write on behalf of Plaintiffs ("Boehringer") in the above-captioned case, regarding an unresolved dispute between Boehringer and Mylan Pharmaceuticals, Inc. ("Mylan") concerning Mylan's Proposed Final Judgment and Order.  The above-captioned case concerns Boehringer's claim that Mylan infringed the '812 patent.  By Order of January 31, 2006 (D.I. 25), this case was consolidated with C.A. No. 05-700 (JJF) in which Boehringer asserted that Barr Laboratories, Inc. ("Barr") infringed the same '812 patent.

On June 26, 2008, the Court entered a Memorandum Opinion in the consolidated actions "conclud[ing] that Boehringer has demonstrated by a preponderance of the evidence that Defendants' ANDA products infringe the asserted claims of the '812 patent.  However, the Court conclude[d] that Defendants have established by clear and convincing evidence that the '812 patent is invalid on the grounds of nonstatutory double patenting."  *See* D.I. 250.  Subsequently, Defendant Barr Laboratories and Boehringer agreed to settle C.A. No. 05-700 (JJF).  On August 13, 2008, the Court entered Barr and Boehringer's Stipulation and Order of Dismissal dismissing all claims and counterclaims in C.A. No. 05-700 with prejudice.  (D.I. 258).

Today Mylan filed a Motion for Entry of Final Judgment.  (D.I. 41)  Mylan's Proposed Final Judgment and Order contains certain errors and ambiguities.  In particular, the first, second, and third "WHEREAS" clauses refer to claims asserted by the parties in C.A. No. 05-700, thereby suggesting that final judgment is being entered upon them.  *Id.* at 1.  Any such suggestion would be incorrect as the Court already dismissed the parties' claims in C.A. No. 05-700 with prejudice pursuant to the parties' settlement.  (D.I. 258).  Especially given that this is a

The Honorable Joseph J. Farnan
August 25, 2008
Page 2 of 2

Hatch-Waxman case, it is important that any final judgment and order be clear about exactly which claims are being finally adjudicated.

Additionally, Mylan's Proposed Final Judgment and Order states that "Judgment is entered in favor of Defendant Mylan Pharmaceuticals Inc. ("Mylan") and against Boehringer on Mylan's counterclaim that Claims 3, 4, 5, 7, 9 and 10 of the '812 patent are invalid on the ground of nonstatutory double patenting." D.I. 41, at 2. Mylan, however, never asserted a counterclaim that any claim of the '812 patent was invalid for nonstatutory double patenting. Mylan's only counterclaim concerning invalidity asserted that "[t]he claims of the '812 patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States code." (D.I. 6 at 6 ¶ 13.) Therefore, paragraph 2 of the Proposed Final Judgment and Order contains an erroneous statement of fact.

Boehringer raised the foregoing concerns with Mylan upon receipt of its draft Proposed Final Judgement and Order. Mylan refused to accept any of Boehringer's proposed changes without explanation, however, and proceeded to file its original draft. Because Mylan's Proposed Final Judgment and Order does not clearly limit its scope to the claims and counterclaims raised in C.A. 05-854, and because paragraph 2 contains an erroneous statement of fact, Boehringer respectfully requests that the Court not enter it. Boehringer proposes that the Court instead enter the Final Judgment and Order attached hereto.

Respectfully,

/s/ Maryellen Noreika

Maryellen Noreika (#3208)

cc:   Peter T. Dalleo, Clerk (By Hand)
      Joy Arnold (By Email)
      David J. Harth, Esquire (By Email)
      Shannon M. Bloodworth, Esquire (By Email)
      Steven C. Cherny, Esquire (By Email)
      Kenneth G. Schuler, Esquire (By Email)

2459783